1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT JONATHEN BAILEY,

11           Petitioner,                    No. CIV S-06-0467 MCE GGH P

12       vs.

13   RICHARD KIRKLAND, Acting Warden,

14           Respondent.               <u>ORDER</u>

15   _____/

16           Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. §  2254.  Petitioner has not, however, filed an in forma

18   pauperis affidavit or paid the required filing fee ($5.00).  <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a).

19   Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of

20   a request to proceed in forma pauperis or submit the appropriate filing fee.

21           Since petitioner may be entitled to the requested relief if the claimed violation of

22   constitutional rights is proved, respondents will be served with the petition, but shall not file a

23   response at the present time.

24           In light of the length of petitioner's sentence, the court has determined that the

25   interests of justice require appointment of counsel.  <u>See</u> 18 U.S.C. § 3006A(a)(2)(B); <u>see also</u>

26   <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days of the date of this order, petitioner shall either pay the filing fee or file an in forma pauperis application;

2. The Federal Defender is appointed to represent petitioner;

3. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

    a. The number of days petitioner's counsel estimates it will take to file either:

        1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

        2. An amended petition which will proceed on exhausted claims only; or

        3. An amended petition which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.

    b. Discovery and investigations;

    c. Anticipated motions;

    d. The need for and timing of an evidentiary hearing;

    e. Enumeration and resolution of unexhausted claims; and

    f. Possible future amendments to the pleadings.

Counsel are reminded of the importance of timely filing a joint scheduling statement. Failure to do so may result in sanctions.

---

[1] <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528 (2005).

4.  The Clerk of the Court shall serve a copy of this order on Jo Graves, Senior

Assistant Attorney General, and David Porter, Assistant Federal Defender.

DATED:  3/22/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
bail0467.101a+

3